UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MUNOZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PETERSON RECOVERY GROUP;<br>WESTERN RECOVERY; JOHN DOE 1;<br>JOHN DOE 2,<br><br>　　　　Defendants. | Case No. 1:21-cv-01026-AWI-HBK<br><br>ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. No. 2)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS COURT HAS JURISIDICTION, FILE AN AMENDED COMPLAINT, OR VOLUNTARILY DISMISS THE ACTION<br><br>TWENTY-ONE DAY DEADLINE |

Carlos Munoz initiated this action by filing a *pro se* civil complaint against Peterson Recovery Group and Western Recovery on June 29, 2021. (Doc. No. 1, Complaint). Pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. No. 2). Upon review of the motion, the Court finds Plaintiff's declaration satisfies the requirements under § 1915(a)(1) and will grant the motion.

Nonetheless, the Court will direct Plaintiff to Show Cause why this Court has jurisdiction and direct him to file an amended complaint. The Complaint names Peterson Recovery Group and Western Recovery as Defendants. (Doc. No. 1 at 1). Defendants appear to be collection agencies. The Complaint also names two John Doe Defendants, who he identifies as working at

the "collection agency." (*Id.* at 3). Plaintiff checks the box beside "federal question" as the basis for the federal court jurisdiction, but writes "unknown" when asked about the federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case to support the basis for federal question jurisdiction. (*Id.* at 3-4).

The Court is required to *sua sponte* inquire whether it has proper subject matter jurisdiction of a case. "Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v.* Jackson, ____ U.S. ____, 139 S.Ct. 1743, 1745 (2019) (citations omitted). Article II, § 2 of the Constitution delineates "the character of the controversies over which federal judicial authority may extend." *Id.* (citations omitted). "And lower federal-court jurisdiction 'is further limited to those subjects encompassed within a statutory grant of jurisdiction.'" *Id.*

A federal court has subject matter jurisdiction of a case when it raises a federal question, or when diversity jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332(a); *see also Home Depot USA* 139 S.Ct. at 1745. Federal question jurisdiction "affords parties a forum in which to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Id.* at 1746. Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy greater than $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). Citizenship requires physical presence and the intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

The Complaint neither references any federal law nor federal statutes at issue. (*See* Doc. No. 1 at 4). Thus, the Complaint fails to invoke jurisdiction under 28 U.S.C. § 1331. Further, both diversity and the amount in controversy are unclear to invoke jurisdiction under 28 U.S.C. § 1332(a).

Additionally, the Complaint is devoid of any facts to state a sufficient claim. The Complaint states Plaintiff was notified of insufficient funds and apparently was contacted to collect on the checks and warned that he may be subject to criminal prosecution. Doc. No. 1 at 5. As relief, Plaintiff states "Open to Whatever." *Id*. at 6. A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678. If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A district court should not, however, advise the litigant on how to cure the defects. Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

Based on the foregoing, Plaintiff must respond to this Order to Show Cause addressing the jurisdictional issues, and file an Amended Complaint identifying the jurisdictional basis for this Court and correct the pleading deficiencies set forth above. If Plaintiff believes he cannot properly invoke this Court's jurisdiction to hear his claim, he may voluntarily dismiss this case without a court order by filing a Notice of Voluntary Dismissal. Fed. R. Civ. P. 41(a)(1).

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted.

2. Within twenty-one (21) days from the date on this order, Plaintiff must file a Response to this Order to Show Cause and file an Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal.

3. Failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated: June 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE