UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS MUNOZ,<br><br>          Plaintiff,<br><br>    v.<br><br>PETERSON RECOVERY GROUP;<br>WESTERN RECOVERY,<br><br>          Defendants. | Case No. 1:21-cv-1026-AWI-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR LACK OF JURISDICTION, FAILURE TO STATE A CLAIM, AND FAILURE TO PROSECUTE[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Carlos Munoz, who is proceeding *pro* se, initiated this action by filing a complaint on June 29, 2021. (Doc. No. 1, "Complaint"). On July 1, 2021, the Court entered an order directing Plaintiff to either show cause why this Court has jurisdiction, file an amended complaint, or voluntarily dismiss the action within twenty-one days. (Doc. No. 2, "July 1 Order"). Because Plaintiff has not timely responded or otherwise complied with the July 1 Order, the undersigned recommends the district court dismiss the action for lack of jurisdiction, or alternatively for failure to prosecute, as set forth more fully below.

///

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2019).

**BACKGROUND**

Plaintiff Carlos Munoz initiated this action by filing a *pro* se complaint on June 29, 2021. (Doc. No. 1). The Complaint named Peterson Recovery Group and Western Recovery as Defendants. (*Id.* at 1). The Complaint also named two John Doe defendants, who Plaintiff identifies as individuals working at the collection agency. (*Id.* at 3). The Complaint comprises only a few rambling sentences. It states that Plaintiff was notified of insufficient funds when he was contacted to collect on the checks and warned that he may be subject to criminal prosecution. (*Id.* at 3). As relief, Plaintiff states "Open to Whatever." *Id*. at 6. On July 1, 2021, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* but directed Plaintiff to show cause why the federal court has jurisdiction within twenty-one days from receiving the order. (Doc. No. 3 at 1-3). Alternatively, the Court directed Plaintiff to file an amended complaint, or to voluntarily dismiss the action. (*Id.*). Plaintiff moved for an enlargement of time to comply with the Court's July 1 Order. (Doc. No. 4). On July 28, 2021, the Court granted Plaintiff's motion permitting him a fourteen-day enlargement of time. (Doc. No. 5). As of the date of this Findings and Recommendations, Plaintiff's extended deadline has expired, but Plaintiff has not complied with the Court's July 1 Order. (*See* docket).

**APPLICABLE LAW AND ANALYSIS**

**A. Dismissal under Federal Rule of Civil Procedure 12(h)(3)**

Federal Rule of Civil Procedure 12(h)(3) provides that if the court determines at any time it lacks subject matter jurisdiction, the court must dismiss the action. The Court is required to *sua sponte* inquire whether it has proper subject matter jurisdiction of a case. "Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v.* Jackson, ____ U.S. ____, 139 S.Ct. 1743, 1745 (2019) (citations omitted). Article II, § 2 of the Constitution delineates "the character of the controversies over which federal judicial authority may extend." *Id.* (citations omitted). "And lower federal-court jurisdiction 'is further limited to those subjects encompassed within a statutory grant of jurisdiction.'" *Id.*

A federal court has subject matter jurisdiction of a case when it raises a federal question, or when diversity jurisdiction exists. *See* 28 U.S.C. §§ 1331, 1332(a); *see also Home Depot USA*

2

139 S.Ct. at 1745.  Federal question jurisdiction "affords parties a forum in which to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Id.* at 1746.  Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy greater than $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Citizenship requires physical presence and the intent to remain.  *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Here, the Complaint neither references a federal law nor federal statute.  (*See* Doc. No. 1 at 4).  Liberally construing the abbreviated facts in the Complaint, the undersigned cannot independently discern of any basis to invoke jurisdiction under 28 U.S.C. § 1331.  Further, both diversity and the amount in controversy are unknown to invoke jurisdiction under 28 U.S.C. § 1332(a).  Plaintiff was directed to show cause on what basis this Court had federal jurisdiction and failed to do so.  (*See* docket).  Thus, the undersigned recommends the district court dismiss this action for lack of federal jurisdiction under Rule 12(h)(3).

**B. Section 1915(e)(2)(b)(ii) dismissal for Failure to State a Claim**

Alternatively, the Court finds the complaint should be dismissed for failure to state a claim.  Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any time" if the Court determine, *inter alia*, the action fails to state claim or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2)(B)(ii)-(iii).  However, a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him to relief.  *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  At this stage, the court accepts the facts stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976).  The court does not accept as

true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Nor are legal conclusions considered facts.  *Iqbal*, 556 U.S. at 678.

Here, the Complaint is devoid of facts to state a cognizable claim.  As set forth *supra*, the Complaint states only that Plaintiff was contacted to collect on checks with insufficient funds and he may face criminal liability.  A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . .." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678. If the court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr*., 66 F.3d 245, 248 (9th Cir. 1995).  A district court should not, however, advise the litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

Plaintiff was provided an opportunity to file an amended complaint to cure the deficiencies in the Complaint but did not file an amended complaint.  Thus, in the alternative, the undersigned recommends the district court dismiss the complaint for failure to state a claim.

**C. Federal Rule of Civil Procedure 41(b)**

Finally, the undersigned recommends dismissal of the action for failure to prosecute. Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Local Rule 110 similarly permits the court to impose sanctions on a

party who fails to comply with the court's Rules or any order of court.

Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889  (noting court that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

The undersigned considers each of the above-stated factors and concludes dismissal is warranted in this case. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999). This case has been pending since June 2021. (*See* docket). Plaintiff was ordered to show cause or to file an amended complaint in July 2021 and has not done so. (*Id.*). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters, rather than needlessly consumed with managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon

the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays inevitably have the inherent risk that evidence will become stale, or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Additionally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor. After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Federal Rule of Civil Procedure 41.

Accordingly, it is **RECOMMENDED**:

1. This case be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(h)(3); failure to state a claim under 28 U.S.C. 28 U.S.C § 1915(e)(2)(B)(ii); and/or (3) failure to prosecute under Federal Rule Civil Procedure 41.

2. The Clerk of Court be directed to terminate any pending motions/deadlines and close this case.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   November 23, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6